United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fermin A. Castillo, Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-62045-Civ-Scola |
| United States Of America, | ) |
| Respondent. | ) |

### Order Dismissing Petition to Vacate Sentence

Petitioner Fermin A. Castillo has filed a motion to withdraw his guilty plea and vacate his conviction under 28 U.S.C. § 2255. (ECF No. 1.) Represented by counsel, Castillo's challenge is two-fold: he claims he was denied effective assistance of counsel and says that, as a result, his guilty plea was not made knowingly and voluntarily. (Pet'r's Mot., ECF No. 1.) Accordingly, he asks the Court to set aside his 2012 conviction. (*Id.*) The Government has answered (Gov't's Resp., ECF No. 10)[1] but Castillo did not respond to that answer and the time to do has passed. Castillo's motion is thus ripe for the Court's review. After considering the briefing, the record, and the relevant legal authorities, the Court **dismisses** Castillo's petition (**ECF No. 1**) as time barred.

By way of background, Castillo's petition relates to a March 2012 indictment, in Criminal Case No. 12-cr-60071-RNS, in the Southern District of Florida, charging him with conspiracy to possess and attempted possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Indictment, *United States v. Castillo*, 12-cr-60071-RNS (S.D. Fla. Mar. 22, 2012), ECF No. 16. Some six months later, in September, Castillo pleaded guilty to the conspiracy count (count one), as set forth in a written plea agreement and factual proffer and during a colloquy with the Court. (*Id.* at ECF Nos. 48, 49, 50, 78.) The plea agreement contained a waiver of Castillo's right to appeal his sentence (unless the Court sentenced him in excess of the statutory maximum or varied above the guidelines, neither of which occurred). (*Id.* at ECF No. 48, Plea Agmt.) In December 2012 the Court sentenced Castillo to forty-two months' imprisonment, followed by two years' supervised release. (*Id.* at ECF No. 68, J.) The Court terminated Castillo's supervised release early, on February 3, 2016. (*Id.* at ECF No. 116.)

---

[1] Although the Government failed to supply any real justification for missing its unambiguous answer deadline, Castillo did not object to the untimeliness. Accordingly, the Court discharges its order to show cause (ECF No. 9) and will address the substance of Castillo's motion.

As an initial matter, because it did not appear, from this background, that Castillo was "in custody" under the conviction he seeks to vacate, the Court raised a concern about its jurisdiction to hear this case. In support of its concern, the Court pointed to § 2255(a)'s requirement that the petitioner be "*in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a) (emphasis added). The Court also identified the United States Supreme Court's conclusion that a habeas petitioner does not remain "in custody" under a conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

In response to the Court's concern, Castillo insists he meets the "in custody" requirement for three reasons: (1) he is currently in custody in Massachusetts, awaiting sentencing in another case for which he says he "faces a mandatory 5 year consecutive sentence on top of the ten year mandatory sentence to be imposed"; (2) based on his conviction in the 2012 case, "he cannot engage in certain businesses; he cannot hold public office; he cannot vote in any election; and he cannot service as a juror"; and (3) his § 2255 petition "is equivalent to a Motion for a New Trial based on newly discovered evidence under Rule 33" and should be deemed timely under Federal Rule of Criminal Procedure 45(b)(1)(B). (Pet'r's Resp., ECF No. 5, 1–2.) Castillo's second and third points are thoroughly meritless. The collateral consequences Castillo identifies in his second point go to mootness; not "whether the statute defining the habeas corpus jurisdiction of the federal judiciary in respect of persons in state custody is available." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). And Castillo fails to supply any real support—either factual or legal—for his contention that either his § 2255 petition should be construed as a Rule 33 motion for a new trial or, even if the Court did so construe it, that he is at all entitled to a new trial.

As to his first argument, however, Castillo maintains that whether his 2012 conviction will be used to enhance his sentence is not just a "possibility," but, rather is a foregone conclusion based on both his conviction and the government's notice seeking the 21 U.S.C. § 851 enhancement. The Government appears to concede the point, inexplicably failing to address, or, even mention, the Court's jurisdictional concerns at all. Accordingly, the Court deems the Government's position to be that a petitioner seeking habeas relief as to an expired sentence satisfies § 2255's "in custody" requirement where he has been convicted of another crime, is in custody awaiting sentencing on that new crime, and the Government has filed a notice seeking enhancement based

on the challenged conviction. Assuming, then, that the parties are correct and jurisdiction under § 2255 has been established, the Court turns to Castillo's petition.

As the Government points out, Castillo's petition is untimely. Under § 2255, the applicable one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f)(1)–(4). Ordinarily, then, the one-year limitations period begins to run on the date on which a judgment of conviction becomes final. In this case, since the Court entered judgment on December 14, 2012, and no appeal followed, Castillo's conviction became final on December 28, 2012. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within fourteen days from the entry of judgment). Castillo maintains, however, that since he "did not become aware of the federal sentencing enhancements under 21 U.S.C. § 851 until he was convicted in federal court in Massachusetts in 2023," section (f)(4) applies. (Pet'r's Mot. at 4.) That is, Castillo says, the limitations period did not begin to run until his most recent conviction triggered the applicability of the enhancement. According to Castillo, this development amounts to "newly discovered facts" rendering his petition timely. Castillo's argument falls far wide of the mark.

First, Castillo's conviction for his most recent drug offense, triggering the potential application of the sentencing enhancement, is not a fact that supports his ineffective-assistance-of-counsel or involuntary-plea claims in the 2012 case. Instead, all the facts supporting Castillo's claims were readily discoverable the moment his 2012 judgment became final. Nothing prevented Castillo from challenging his 2012 conviction on the bases he now identifies

within the limitations period. And second, Castillo makes no attempt to explain why he could not have immediately discovered, "through the exercise of due diligence," that his attorney "failed to explain . . . the full consequences of pleading guilty," "including the risk of increased punishment," as he claims, until he was convicted of another crime. In other words, Castillo has failed to set forth any allegations from which the Court could infer that he made "reasonable efforts to discover the factual predicate of his claim." *Lanier v. United States*, 769 F. App'x 847, 849 (11th Cir. 2019) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)); *see also Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (pointing out that neither "lack of education" nor "procedural ignorance" are accepted as excuses "for prolonged inattention when a statute's clear policy calls for promptness").

Based on this lack of diligence, the Court also readily finds any application of equitable tolling unwarranted. A petitioner may be afforded equitable tolling of the § 2255 limitations period "where the movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Lanier*, 769 F. App'x at 850 (cleaned up). Not only has Castillo failed to demonstrate that he has been pursuing his rights diligently, he has also failed to even mention, never mind establish, "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*

Accordingly, because the Court finds Castillo's motion time barred, it **dismisses** his petition (**ECF No. 1**) as untimely under § 2255(f). The Court **declines to issue a certificate of appealability**. The Court directs the Clerk to **close** this case. Any other pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on February 7, 2024.

_____
Robert N. Scola, Jr.
United States District Judge